# Exhibit A

# Exhibit 1E

Filing # 24683703 E-Filed 03/10/2015 11:46:25 AM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO. 15-2645 CA 01

CHRISTOPHER DAVIS, CEO OF PROFESSIONAL
CHAUFFER TRANSPORTATION SERVICES, a Florida
Corporation, on behalf of all For Hire Transportation Service
Companies regulated under the Miami-Dade County, Florida
Code of Ordinances Part III – Code of Ordinances, Chapter 31-
Vehicle for Hire – Article I. In General; Miami-Dade County,
Florida, Code of Ordinances, Part III – Code of Ordinances, Chapter 28 A,
Seaport Security and Operations; and Miami-Dade County, Florida,
Code of Ordinances, Part III – Code of Ordinances, Chapter 25,
Aviation Department Rules and Regulations; and Behalf of the Riding
Public and Public at large,

        Plaintiffs,

vs.

MIAMI-DADE COUNTY, FLORIDA, a
Political subdivision of the State of Florida;
UBER TECHNOLOGIES, INC., a Delaware corporation
Conducting business in Miami-Dade County, Florida; and
LYFT, INC., a Delaware Corporation, conducting business
In Miami-Dade County, Florida,

        Defendants.

_____/

## DEFENDANT MIAMI-DADE COUNTY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF

Defendant, MIAMI-DADE COUNTY (hereinafter "County"), by and through undersigned counsel, moves this Honorable Court to dismiss Plaintiffs' Complaint for Emergency Injunctive Relief (hereinafter "Complaint"), and in support thereof states as follows:

1. Plaintiffs do not satisfy the requirements for emergency injunctive relief.

2. Plaintiffs do not have a substantial likelihood of success on the merits.

1

3. Plaintiffs have an adequate remedy at law.

4. Plaintiffs will not suffer irreparable harm absent the entry of an injunction.

5. The injunctive relief sought by the Plaintiffs will not serve the public interest.

6. An injunction is not an available remedy given the relief sought.

7. The County has aggressively enforced the Code of Miami-Dade County, Florida, regulating for-hire transportations operations.

8. The failure of a governmental entity, in the exercise of its discretion, to enforce a particular provision of its laws is not subject to the supervision or review by the courts.

9. The County's discretion to file, prosecute, abate, settle, or dismiss for-hire transportation enforcement actions pursuant to the Code of Miami-Dade County, Florida, is a function that cannot, based upon the separation of powers doctrine, be supervised by the courts.

10. This Court lacks jurisdiction to review, supervise or enforce the for-hire transportation regulations of the Code of Miami-Dade County.

11. The doctrine of separation of powers precludes this Court from entering the requested injunction against the County.

12. Under the constitutional doctrine of separation of powers, the judicial branch cannot interfere with the discretionary functions of the legislative or executive branches of government.

13. This Court is precluded from second guessing the discretionary political and police power decisions of the other branches of government, such as Miami-Dade County.

14. The Complaint fails to state a cause of action against Miami-Dade County.

15. It is entirely speculative as to whether the issuance of citations and other enforcement actions against Uber Technologies, Inc. and Lyft, Inc. will result in the cessation of their illegal transportation activities.

16. The "Riding Public" and the "Public at Large" lack standing.

17. The Complaint should be dismissed because there is no showing of a special injury by the "Riding Public" and the "Public at Large."

18. Plaintiffs, the "Riding Public" and the "Public at Large", do not have taxpayer standing to bring this action.

19. Plaintiffs, the "Riding Public" and the "Public at Large", are not entitled to an injunction because they do not establish that they meet any of the narrow exceptions to the special injury requirement.

**WHEREFORE**, Defendant Miami-Dade County prays that this Honorable Court dismiss Plaintiffs' Emergency Complaint for Injunctive Relief with prejudice.

Respectfully Submitted,

R. A. CUEVAS, JR.
Miami-Dade County Attorney
111 N.W. 1st Street
Suite 2810
Miami, FL 33128

By: /s/ Gerald K. Sanchez
    Gerald K. Sanchez
    Assistant County Attorney
    Telephone: (305) 375-1317
    Fax: (305) 375-5634
    Email: GKS@miamidade.gov
    Florida Bar No. 915912

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by E-MAIL Generated by the Florida Courts E-Filing Portal on this 10th day of March 2015, upon the parties Identified on the attached Service List.

/s/ Gerald K. Sanchez
Assistant County Attorney

## SERVICE LIST

### CHRISTOPHER DAVIS v. MIAMI-DADE COUNTY
### CASE NO. 15-2645 CA 01

Ronald S. Guralnick, P.A.
Miami Tower – Suite 2600
100 SE 2nd Street
Miami, Florida 33131
Telephone 305 373-0066
Facsimile 305 373-1387
Email: rqacquit@bellsouth.net

Attorney for Plaintiffs

R.A. CUEVAS, JR.
Miami-Dade County Attorney
Attorney for Defendant
Miami-Dade County
Stephen P. Clark Center, Suite 2810
111 Northwest First Street
Miami, Florida 33128

Gerald K. Sanchez
Assistant County Attorney
Florida Bar No. 915912
Telephone: (305) 375-1317
Fax: (305) 375-5634
Email: GKS@miamidade.gov
SNS@miamidade.gov

Attorney for Defendant Miami-Dade County