# Exhibit B



# MEMORANDUM

Agenda Item No. 1(J)1

| | |
|---|---|
| TO: Honorable Chairman Jean Monestime, and Members, Board of County Commissioners | DATE: January 21, 2015 |
| FROM: Harvey Ruvin, Clerk<br>Circuit and County Courts<br><br>Christopher Agrippa, Director<br>Clerk of the Board Division | SUBJECT: Conflict Waiver Request<br>Ballard Partners<br>Representing Uber<br>Technologies, Inc. |

Pursuant to the provisions of Resolution R-1017-10, adopted at the October 5, 2010, Miami-Dade County Board of County Commissioners' meeting, the attached Conflict Waiver Request received from Ballard Partners, in representation of Uber Technologies, Inc., is presented for the Board's consideration.

The waiver request of Mr. Brian Ballard, President, Ballard Partners; the Memorandum from Mr. Joseph M. Centorino, Executive Director and General Counsel, Miami-Dade County Commission on Ethics and Public Trust; and the report and recommendation of the Commission's staff, are attached for you information.

CA/kk
Attachments

# BALLARD | PARTNERS

December 12, 2014

Jess McCarty
Assistant County Attorney
Miami-Dade County Attorney's Office
Suite 2810 Stephen P. Clark Center
111 N.W. 1st Street
Miami, Florida 33128

Dear Mr. McCarty,

    This letter is intended to notify you that our firm represents Uber Technologies, Inc. We have been retained to provide legislative representation during the 2015 Session. We submit this conflict waiver request for the Board's consideration. Please contact me with any questions or if you need additional information.

Sincerely,

Brian D. Ballard
President

BDB/chd

**Miami-Dade County Commission on Ethics and Public Trust**

# Memo

**To:** Miami-Dade County Commission

**From:** Joseph M. Centorino, Executive Director and General Counsel, Miami-Dade Commission on Ethics and Public Trust

**Date:** January 12, 2015

**Re:** Ballard Partners Lobbying Waiver Request

---

On December 12, 2014, a conflict waiver request was submitted to the County from Ballard Partners in connection with its representation of Uber Technologies, Inc. On December 18, this request was forwarded to the Commission on Ethics for a review as required by Resolution No. R-632-10. The attached report by Commission staff has concluded that a conflict is presented by Ballard's representation of Uber Technologies, Inc. and Miami-Dade County. Accordingly, this agency's recommendation is that a waiver should not be granted to Ballard Partners.

Biscayne Building
19 W. Flagler St., Suite 820
Miami, FL 33130
Phone (305) 579-2594
Fax   (305) 579-0273

**Commission on Ethics & Public Trust**
Miami-Dade County

# Memorandum

| | | |
|---|---|---|
| **To:** | Joseph Centorino, Executive Director<br>Commission on Ethics and Public Trust | **Date:** January 8, 2015 |
| **From:** | Miriam S. Ramos, Deputy General Counsel<br>Commission on Ethics and Public Trust | |
| **Re:** | Ballard Partners Lobbyist Conflict Waiver Request | |
| **COE No.:** | K14-134 | |

## Background:

On December 12, 2014, Brian D. Ballard, president of Ballard Partners (BP), wrote to Assistant County Attorney Jess McCarty (McCarty), to request a conflict waiver pursuant to County Resolution R-632-10. The waiver was requested in order for BP to engage in legislative representation on behalf of Uber Technologies, Inc. (Uber).

BP currently serves as one of the County's Lobbyists in the areas of: Home Rule Charter, Film/Entertainment, Airport, Capital Improvements, Labor/Employment, Public Records, Building and Code Compliance, Economic Development, Housing, Police (body cameras), and Animal Services.

The Miami-Dade Commission on Ethics & Public Trust (COE) has been requested to conduct a review of the BP conflict waiver request.

## Investigation:

The COE conducted a fact finding inquiry which included:

-Review of BP's conflict waiver request letter dated 12/12/2014.

-Discussion with Department of Regulatory and Economic Resources Division Chief, Joe Mora, whose department oversees taxicab operations.

-Discussion with Assistant County Attorney McCarty.

4

-Discussion with Brian Ballard, president of BP.

-Discussion with Sylvester Lukis, managing partner of BP.

The COE determined the following:

1. Uber is a San Francisco-based company that presently operates in 200 cities. The company is worth an estimated $40 billion.

2. Uber contracts with private car owners to transport customers using a smartphone-based application to reserve point-to-point rides to their destination at pre-arranged prices.

3. Presently, services such as those offered by Uber are prohibited, in Miami-Dade County under Section 31-303(a) of the Miami-Dade County Code and the County is actively enforcing violations of this section.

4. During the 2014 State legislative session, Uber (among other companies offering a similar service) sought passage of SB 1618 and HB 1389, which would centralize regulation of the for-hire ride industry at the state level, thus pre-empting local regulatory control. The County opposed the passage of SB 1618 and HB 1389; neither bill passed.

5. McCarty believes that Uber, among others, is likely to renew their pre-emption initiative during the 2015 State legislative session, and he believes that the County is likely to oppose the initiative once again.

6. Ballard stated that his firm has not yet discussed strategy with Uber but he believes that the political environment in Tallahassee might dissuade the company from attempting to revive the legislation.

### Conclusion:

Pursuant to County Ordinance No. 00-64, "no person or entity that received compensation from the County for lobbying on behalf of the County or any of its agencies or instrumentalities at either the state, national or municipal level shall represent any entity in any forum to support a position in opposition to a position of the County unless the Board grants a specific waiver for a specific lobbying activity."

Additionally, County Resolution No. 56-10 requires all County contract lobbyists to obtain a waiver from the Board for any actual or perceived conflicts of interest.

In our opinion, this waiver request involves two issues: (1) Whether Uber is going to attempt to revive the pre-emption initiative during the 2015 State legislative session; and (2) Whether, if Uber does not choose to advance that legislation at the State level, will it lobby the County in order to have the County ordinance, prohibiting their operation, amended.

If Uber takes steps to revive the pre-emption initiative in Tallahassee, a conflict clearly exists, because the County has made clear its opposition to such legislation. If Uber chooses not to move forward on the pre-emption legislation in Tallahassee, and decides to lobby the County for an ordinance

● Page 2

5

change, Uber's interest would be adverse to the County's current position. The County has determined that drivers for firms like Uber are operating illegally and consequently, it has issued over 700 violations to drivers engaging in for-hire car service. Although the Mayor has directed his administration to draft a legislative change to Section 31-303(a) of the County Code, and at least one County Commissioner[1] is sponsoring a similar change, at the moment, the services provided by Uber and similar companies violate the County code. Consequently, after a review of the legal and factual issues presented here, we believe that Ballard's waiver request should not be granted.

---

[1] Presently Commissioner Esteban Bovo has proposed legislation that would legalize application-based for-hire vehicle services such as Uber to operate in the County. Commissioner Bovo's proposal is currently pending before the Transportation and Aviation Committee.

● Page 3